**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| EMPLOYERS MUTUAL CASUALTY COMPANY | § § § | |
| *Plaintiff,* | § § | |
| v. | § § § | CIVIL ACTION NO. |
| AMERISURE INSURANCE COMPANY and LEXINGTON INSURANCE COMPANY | § § § | $3:10\text{-}cv\text{-}898$ |
| *Defendants.* | § § | |

## EMC'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT**:

**COMES NOW** Employers Mutual Casualty Company ("EMC"), complaining of Amerisure Insurance Company ("Amerisure") and Lexington Insurance Company ("Lexington"), and for cause of action shows as follows:

### Parties

1.  EMC is an Iowa insurance company with its principal place of business in Des Moines, Iowa.

2.  Amerisure is a Michigan insurance company with its principal place of business in Farmington Hills, Michigan. Service may be made on Amerisure through its registered agent, Cindy Ghalibaf, 5221 North O'Connor Blvd., Suite 400, Irving, Texas 75039-3711.

3.  Lexington is a Delaware insurance company with its principal place of business in Boston, Massachusetts. Because Lexington has no registered agent in Texas, service may be made through the Texas Commissioner of Insurance, Mike Geeslin, Texas Department of Insurance, 333 Guadalupe, Austin, Texas 78701.

**Jurisdiction and Venue**

4.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship among the parties and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a) in that all or a significant part of the acts or omissions giving rise to this claim occurred in this judicial district.

6.      This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 et seq., and for damages, as hereinafter more fully appears.

**Facts**

7.      EMC issued general liability insurance Policy Nos. 3N33737-07/08/09/10, effective from April 1, 2006, to April 1, 2007, and renewed annually to April 1, 2010 (collectively the "EMC policies"), to Potter Concrete Residential, Ltd. ("Potter Concrete"). Amerisure and Lexington issued liability insurance policies to Potter Concrete effective prior to the inception of EMC's coverage on April 1, 2006 (the "Amerisure policies" and the "Lexington policies").

8.      Potter Concrete is currently involved in various lawsuits and arbitration proceedings that arise out of alleged problems with certain houses on which Potter Concrete performed construction work (collectively the "underlying litigation"). The last names of the claimants and the addresses of the houses involved in the underlying litigation are as follows:

Camp                                        Fuentes
14730 Broadview Ln.,                        14848 Ledgview Ct.
Balch Springs, Texas                        Balch Springs, Texas

Godinez
14848 Bel Manor Ct.
Balch Springs, Texas

Jackson
14813 Broadview Dr.
Balch Springs, Texas

Walker
14853 Bel Manor Ct.
Balch Springs, Texas

Williams (Jonelle)
14821 Bel Manor Ct.
Balch Springs, Texas

Howell
14809 Broadview Dr.
Balch Springs, Texas

Lopez
14856 Ledgview Ct.
Balch Springs, Texas

Williams (Glen & Barbara)
5958 Harbor Glen Dr.
Dallas, Texas

9.      Pursuant to reservation of rights, EMC is defending Potter Concrete in connection with each of the claims involved in the underlying litigation. Each of the claims has also been tendered to Amerisure and Lexington for defense. However, to date neither Amerisure nor Lexington has agreed to participate in Potter Concrete's defense of all of the claims involved in the underlying litigation.

### Request for Relief

10.     Amerisure and Lexington are obligated to furnish Potter Concrete with a defense in the underlying litigation by sharing the costs of the defense equally with EMC. Accordingly, EMC prays that the Court construe the EMC, Amerisure and Lexington policies, and declare that Amerisure and Lexington are obligated to furnish Potter Concrete with a defense in the underlying litigation on an equal basis with EMC.

11.     On grounds of legal or equitable subrogation, contribution or otherwise, EMC prays for judgment against both Amerisure and Lexington for one-third of the amounts expended by EMC in the defense of Potter Concrete in the underlying litigation from the time Potter Concrete became a party to said litigation and continuing until its conclusion.

12.    In the alternative, EMC prays that the Court declare the respective rights and responsibilities of EMC, Amerisure and Lexington under their policies in connection with the underlying litigation, apportioning liability and awarding EMC recovery from Amerisure and Lexington for the costs of Potter Concrete's defense as appropriate under the applicable provisions of the policies.

WHEREFORE, PREMISES CONSIDERED, EMC prays for relief as set out above, for interest, costs, and for such other and further relief, both at law and in equity, as it may show itself justly entitled and for which it shall ever pray.

Respectfully submitted,

*/s/ Aaron L. Mitchell* _____
Aaron L. Mitchell
State Bar No. 14205590
Stephen A. Melendi
State Bar No. 24041468
TOLLEFSON BRADLEY BALL &
MITCHELL, LLP
2811 McKinney Avenue, Suite 250
Dallas, Texas 75204
Telephone:    (214) 665-0100
Telecopy:    (214) 665-0199

**ATTORNEY FOR EMPLOYERS MUTUAL CASUALTY COMPANY**

4029-785/9920.doc